## George Rankin & another *vs.* Moses Wood, Jr.

Creditors agreed in writing with their debtor not to " sue or cause to be sued the claims and demands which we severally hold against him for the term of one year from the date hereof, but that the time of payment of such demands shall be extended for one year, and this agreement shall be a bar to any suit brought on our said demands; provided that " the debtor should mortgage certain real estate to trustees in trust for the payment of the debts. *Held*, that the agreement did not absolutely postpone the creditor's right of action for the year; that the debtor was entitled to a reasonable time to obtain the signatures of all his creditors; but that after eight months, if no mortgage had been executed to the trustees, and the debtor had mortgaged to a third person part of such real estate, the creditors might prosecute their claims.

An agreement of a debtor to mortgage to trustees for the benefit of his creditors " his real estate situate in West Roxbury, including the dwelling-house thereon," obliges him to mortgage all his real estate in the town, and not merely the lot on which the dwelling-house stands.

Action of contract. The parties submitted the case to the decision of the court upon the following statement of facts :

On the 7th of October 1857, the defendant, who then owed to the plaintiffs the amount of the debts now sued on, represented himself to his creditors as unable to pay his debts then, but as able eventually to pay them in full ; and was believed by the plaintiffs to be insolvent ; and the plaintiffs and other creditors of the defendant signed and sealed this agreement :

" Whereas Moses Wood, Jr., of Boston, is unable to pay the amounts due to us, the undersigned, and whereas he desires an extension of the time of payment of the debts due to us severally : Now, in consideration of one dollar to us paid by said Wood, we severally agree that we will not sue or cause to be sued the claims and demands which we severally hold against him, for the term of one year from the date hereof, but that the time of payment of such demands shall be extended for one year, and this agreement shall be a bar to any suit brought on our said demands ; provided that said Wood shall make and execute to Charles Brooks and George Rankin a mortgage of his real estate situated in West Roxbury, including the dwelling-house thereon ; that said Brooks and Rankin shall hold the same in trust for the payment of our respective debts ; and that said mortgage shall contain a power to said trustees to sell the

same at the expiration of one year, if the amount of our claims shall not have been paid within that time, and distribute the proceeds among us respectively."

This paper was signed within four months afterwards by all the defendant's creditors except two, who signed it on the 14th of June 1858.

On the 7th of October 1857 the defendant owned several parcels of land in West Roxbury, to all of which he derived title from one and the same deed, and on one of which his dwelling-house was situated. Between the date of the agreement and the bringing of this action he was was often requested by the trustees named in the agreement to execute and deliver to them a mortgage of his real estate according to the agreement; but refused to do so, saying that he was insolvent, and wished to see if he could give a deed securing to the creditors named in the agreement the sum of fifty cents on a dollar in satisfaction of their claims. This action was brought on the 8th of April 1858, and the defendant on the same day mortgaged all his real estate in West Roxbury to Albert J. Bellows, who on the 3d of June 1858 released that parcel of real estate upon which the defendant's house stood and one other. On the 14th of July 1858, the defendant executed a mortgage of these two parcels to said trustees, caused it to be recorded, and gave them written notice thereof, and that they could have it by calling at the registry. He has never executed any mortgage of the other real estate.

*E. L. Pierce*, for the plaintiffs, was stopped by the court.

*W. L. Burt*, for the defendant. The instrument executed by the plaintiffs and other creditors of the defendant is not only an agreement not to sue for one year, but extends the time of payment for one year, and the plaintiffs had no right of action until the expiration of that time. *Greely* v. *Dow*, 2 Met. 176. *Dow* v. *Tuttle*, 4 Mass. 414. *Hutchins* v. *Nichols*, 10 Cush. 299. *Foster* v. *Purdy*, 5 Met. 442. *Cummings* v. *Arnold*, 3 Met. 487. *Perkins* v. *Gilman*, 8 Pick. 229. Chit. Con. (8th Amer. ed.) 681. The agreement consists of two parts; 1st, the extension of the time of payment, suspending the maturing of the creditors'

rights of action for one year; 2d, the absolute satisfaction of the claims, provided the defendant should execute to the trustees a certain conveyance. The defendant had a right to the year to make the conveyance; or at least the agreement is a bar to this action, unless he improperly refused to make such conveyance; and the burden of proving that fact is upon the plaintiffs. *Good* v. *Cheesman*, 2 B. & Ad. 328. *Tatlock* v. *Smith*, 6 Bing. 339, *Cork* v. *Saunders*, 1 B. & Ald. 46. At the time of the defendant's refusal to execute a conveyance, all the creditors who were to become parties to the agreement had not done so; and the defendant, being insolvent, could not execute the conveyance required without exposing the trustees to losing the property, and himself to being prevented from obtaining a certificate of discharge under the insolvent laws. *St.* 1856, *c.* 284, §§ 25, 26, 27, 31, 32.

The agreement to mortgage "his real estate in West Roxbury, including the dwelling-house thereon," was complied with by conveying his real estate in West Roxbury upon which the dwelling-house stood; otherwise, the added words would have no meaning.

DEWEY, J.[*] This agreement was certainly less full in the detail of the precise undertakings of the parties than might be expected in an instrument of this character. There is no stipulation as to all the creditors, or any particular proportion of them, being required to execute it, nor any stipulation as to the time in which the creditors should execute it. If it be taken to be a mere stipulation with those creditors who signed it on the day of its date, then the duty devolved on the defendant forthwith to make the conveyance to the trustees as security for those debts. We can hardly suppose the parties to have understood the arrangement to be thus limited to that period of time but think that it was intended for a more general assignment, in which the creditors generally would be requested to participate. We think a reasonable time was to be allowed for pro-

---

[*] This and the following cases of this term were argued at Boston, in January 1859, before SHAW, C. J., DEWEY, METCALF, and BIGELOW, JJ.

Rankin & another *v.* Wood.

curing the signatures of the creditors of the defendant and preparing to make his conveyance, before the defendant would be in default in not conveying his lands to the trustees. But we are also of opinion that eight months was as long a period as was required of the plaintiffs to postpone enforcing their demands, the defendant having always up to that period refused to execute and deliver the deed to the trustees, although requested so to do. In the opinion of the court the defendant violated his part of the agreement in not making the stipulated conveyance, as he was required to do, and therefore he cannot set up the written agreement of the 7th of October 1857 in bar of this suit.

Prior to the date of this suit he had made no conveyance to the trustees. On the 8th of April 1858, he mortgaged the land to a third person ; and as to a portion of the land embraced in his contract, upon the construction we give to it, this mortgage is still outstanding; and the entire land stipulated to be conveyed was not embraced in the deed offered to the trustees on the 14th of July 1858.

It was urged on behalf of the defendant that the plaintiffs had absolutely extended the day of payment of their debt one year, by the articles of agreement, and this irrespectively of any conveyance as security for the same. Such a construction would be a very unreasonable one, binding one party exclusively without any corresponding benefit. Such was not the effect of this instrument. In the opinion of the court, the proviso that the defendant should make and execute the mortgage applied to the plaintiffs' stipulation to extend the time of payment, and in default of executing the same within a reasonable time, the plaintiffs were at liberty to enforce their demand.

*Judgment for the plaintiffs.*